PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the referee’s uncontested report. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a petition praying this Court to find Jomar Aurelio Valdes in indirect criminal contempt for the continuing unauthorized practice of law in Florida. The Bar alleged that respondent is not, and was not at any time material to its petition, a member of The Florida Bar nor licensed to practice law in Florida; that on numerous occasions respondent represented himself as an attorney authorized to practice law in Florida, and in fact engaged in the unauthorized practice of law in contempt of this Court’s order in The Florida Bar v. Valdes, 464 So.2d 1183 (Fla.1985); and that in January 1986, the United States District Court for the Southern District of Florida found respondent guilty of violating Title 18, United States Code, section 1001, for willfully and knowingly making a false and fraudulent statement and representing himself as an attorney and member in good standing of The Florida Bar. That court suspended respondent’s five year imprisonment sentence on the condition that he be committed to a community treatment center for six months and, thereafter, placed on probation for four years. The primary conditions of the probation are that respondent (1) abide by the injunction issued by this Court in Valdes; (2) refrain from any activity within the legal field, with the exception that he may continue working as a paralegal as long as his employer speaks to the Probation Officer once a week; (3) become involved in a consumer credit counseling program for assistance in financial management; and (4) continue psychiatric treatment.
The respondent pled guilty to the charges set forth in the Bar’s petition. The referee incorporated the terms of the re *610 spondent’s guilty plea into his report and found and recommended as follows:
1. The Respondent admits and is adjudged guilty of all of the charges in the Petition Against Unauthorized Practice of Law and Prayer for Contempt Citation (Order to Show Cause) hereinafter “Petition,” in this above-styled case, and is therefore found guilty of indirect criminal conduct under all the allegations in the Petition.
2. Respondent is permanently enjoined from the practice of law in the State of Florida without prior permission to practice as a member in good standing of the Supreme Court of Florida.
3. Respondent shall continue to abide by the terms of the Judgment and Probation/Commitment Order dated 18 January 1986 in case number 85-865-CR-Aro-novitz styled United States of America v. Jomar A. Valdes, said Order having been entered by the Honorable U.S. District Judge Sydney M. Aronovitz; however, notwithstanding the terms of said Judgment and Probation/Commitment Order, Respondent is permanently prohibited from being employed as a Paralegal without leave of Court.
4. Respondent shall comply with terms of injunction in The Florida Bar v. Valdes, 464 So.2d 1188 (Fla.1985).
5. Respondent shall promptly pay Court costs not to exceed Five Hundred Dollars ($500.000) upon submission of bill from same by counsel for the Petitioner to Respondent.
6. Respondent is sentenced to five (5) months imprisonment.
7. Sentence is suspended contingent upon successful completion of one hundred hours (100) of community service and Respondent’s compliance with all of the terms herein. Community service shall be completed within five (5) months of the Supreme Court’s Final Order being entered in this cause. At any time that Respondent fails to comply with the terms of the Supreme Court’s Final Order, the five (5) month jail sentence shall be reimposed.
We approve the referee’s report and adopt his recommendations as set forth below. Accordingly, Jomar Aurelio Valdes is hereby found in indirect criminal contempt and is sentenced to five months imprisonment. However, that sentence is suspended contingent upon respondent’s successful completion of one hundred hours of community service within five months of the date of this opinion and full compliance with the terms set forth herein. Further, the respondent is permanently enjoined from the practice of law in the State of Florida without prior permission to practice as a member in good standing of this Court. He shall continue to abide by the federal district court’s order dated January 18, 1986, No. 85-865-CR-Aronovitz, and by this Court’s decision in Valdes. Judgment for costs in the amount of $128.77 is hereby entered against the respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.